**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**AMY DENISE MCBRYDE** **PLAINTIFF**

**v.** **Case No: 4:25-cv-00277-KGB**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# ORDER

Before the Court are plaintiff Amy Denise McBryde's motion for court order to direct social security administration to correct citizenship status (Dkt. No. 15), McBryde's motion for court order to U.S. Department of State to release records to plaintiff (Dkt. No. 16), McBryde's motion for court order to obtain certified confidential birth/death vital statistics record (Dkt. No. 19), and United States Magistrate Judge Jerome T. Kearney's Recommended Disposition ("Recommendation") (Dkt. No. 44).[1] Plaintiff Amy McBryde filed objections to the Recommendation and requested a *de novo* review of the record (Dkt. No. 45), and defendant Commissioner of the Social Security Administration ("Commissioner") responded to the objections (Dkt. No. 46). After conducting a *de novo* review of the record, including a review of the Recommendation, McBryde's objections, and the Commissioner's response, the Court adopts the Recommendation in its entirety as this Court's findings in all respects. The Court writes separately to address McBryde's objections.

[1] The Clerk of Court is ordered to remove the pending status of the Commissioner's notice of related case per General Order 39(d)(5), as the filing does not require a ruling from the Court (Dkt. No. 13).

## I. Background

On September 9, 2020, McBryde applied for disability benefits, alleging disability beginning July 9, 2020 (Dkt. No. 44, at 1). After her claim was denied initially and on reconsideration, she requested and received a hearing before the Administrative Law Judge ("ALJ"), where McBryde appeared without representation and amended her alleged onset of disability to December 25, 2019 (*Id.*). On July 9, 2021, the ALJ denied McBryde's application, finding that McBryde was not disabled as of December 25, 2019 (*Id.*).

McBryde requested review and supplemented the record with a letter from her general practitioner, Dr. Kenneth Johnston, dated September 15, 2021 (*Id.*, at 2). After the Appeals Council denied review, McBryde appealed to the United States District Court for the Eastern District of Arkansas, which considered the entire record and affirmed the Commissioner's decision (*Id.*).

McBryde filed a second application for disability benefits on August 11, 2023, again claiming that McBryde became disabled on December 25, 2019 (*Id.*). McBryde submitted the September 15, 2021, letter from Dr. Johnston as evidence, as well as the following additional documents: (1) an August 19, 2021, letter from Sarah Brown, a nurse practitioner at South Arkansas Cardiovascular & Vein Center; (2) a written statement from McBryde's brother, Brandon Bassett; (3) a written statement from McBryde's husband, Matt McBryde; and (4) McBryde's own notarized affidavit (*Id.*).

McBryde's claim was denied at the initial and reconsideration levels based on *res judicata* (*Id.*). McBryde requested a hearing before an ALJ, and a telephone hearing was held on May 7, 2024 (*Id.*). Although the ALJ advised McBryde that the hearing could be postponed for her to

obtain representation and that she had a right to representation, McBryde chose to proceed *pro se* (*Id.*).

On June 5, 2024, the ALJ dismissed McBryde's new application, finding that her claim was barred by administrative *res judicata* (*Id.*). Specifically, the ALJ found that McBryde presented the same issues in her 2023 application for disability benefits that had previously been denied in 2021, which became final by administrative action (*Id.*, at 3). The ALJ found that the additional documents McBryde provided did not contain new material facts (*Id.*). The ALJ concluded that, "[a]ssuming for the sake of argument that the evidence claimant has submitted in the instant case is 'new,' it is not 'material,' [because] it does not show facts 'that would have resulted in a different conclusion as to eligibility, entitlement, or benefit amount than originally reached had the evidence been introduced or available at the time of the determination or decision'" (*Id.*). The Appeals Council denied review, and McBryde filed a *pro se* complaint seeking judicial review (*Id.*).

After reviewing the evidence, Judge Kearney entered his Recommendation, recommending that the Court dismiss McBryde's case because McBryde has failed to demonstrate a violation of due process and because the Court lacks jurisdiction to review the merits of the case (*Id.*, at 9). McBryde objected (Dkt. No. 45), and the Commissioner replied (Dkt. No. 46).

McBryde specifically objects to the ALJ and Recommendation's findings that *res judicata* applies to McBryde's claim because McBryde contends that: (1) McBryde's second claim includes new and material evidence; and (2) McBryde raises colorable constitutional claims (Dkt. No. 45). McBryde alleges a constitutional violation of McBryde's due process rights based on: (1) the loss and omission of certain medical records; (2) a failure to consider evidence following her decision not to seek medical treatment; (3) misidentification of her physician and reliance on

incorrect medical evidence; (4) loss of McBryde's timely appeal; and (5) denial of a meaningful opportunity to be heard on McBryde's second application for benefits (*Id.*).

## II. Legal Framework

Under 42 U.S.C. § 405(g), an individual may seek judicial review "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The term "final decision" is undefined in the Social Security Act, and its meaning is left, instead, "to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Social Security regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a).

Section 405(h) of the Social Security Act of 1935 ("Social Security Act") further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Thus, § 405(g) is generally "the sole avenue for judicial review of all claim[s] arising under" the Social Security Act. *See Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (quotation and citation omitted).

An ALJ can apply *res judicata* to dismiss a hearing request if the Social Security Administration "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action[.]" 20 C.F.R. § 404.957(c)(1). When a claimant appeals a dismissal based on *res judicata*, "the district court has jurisdiction to determine, as appropriate, whether *res judicata* has properly been applied, or whether, though *res judicata* might properly have been applied, the claim has nevertheless been reopened." *McGowen v. Harris*, 666

F.2d 60, 66 (4th Cir. 1981) (citing *Farley v. Califano*, 599 F.2d 606, 608 (4th Cir. 1979)). The court's examination of the Social Security Administration's application of *res judicata* is an exercise of the court's "inherent jurisdiction to determine its own jurisdiction." *Id.* (citing *Texas & Pac. Ry. v. Gulf, Colo. & Santa Fe Ry.*, 270 U.S. 266, 274 (1926)).

In *Califano v. Sanders*, 430 U.S. 99, 107–08 (1977), the United States Supreme Court made it clear that, because the Commissioner's decision not to reconsider a previously denied claim is not a "final order," it is not reviewable by way of an appeal to Federal Court:

> [T]he opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

However, "adjudication of colorable constitutional claims" remains available. *Id.*, at 109.

The United States Court of Appeals for the Eighth Circuit created an exception to the rule barring judicial review of an agency's decision not to reopen a prior determination of disability. In *Jelinek v. Heckler,* 764 F.2d 507 (8th Cir. 1985), the Eighth Circuit held that, if the Commissioner reconsiders the merits of an application previously denied, the matter is considered "reopened" and subject to judicial review. *Id.*, at 508; *see also Underwood v. Bowen,* 807 F.2d 141, 143 (8th Cir. 1986). Consequently, "the final decision of the [Commissioner] denying such a claim is also subject to judicial review to the extent it has been reopened." *Jelinek,* 764 F.2d at 508.

## III. Discussion

### A. *Res Judicata*

Based on the undisputed procedural history of this case, the Court concludes that McBryde's complaint is barred by *res judicata*. McBryde's original application for disability benefits was filed in 2020. It proceeded through the full review process (Dkt. No. 44, at 5–6). McBryde filed her second application for disability benefits in 2023, alleging the same disability onset date—December 25, 2019 (*Id.*, at 5). Her 2023 application was denied based on *res judicata* (*Id.*). The ALJ concluded that McBryde's 2023 application for disability benefits repeated the same issues as her 2020 application, that she failed to provide new evidence establishing her disability before the expiration of her disability period, and that *res judicata* barred her 2023 disability claim (*Id.*). The Appeals Council agreed (*Id.*). Because McBryde's claim for disability benefits filed in 2020 received full administrative and judicial evaluation, and her 2023 application sought to reopen her original claim, the Court is without jurisdiction to review the Commissioner's decision to apply *res judicata* in this case.

Unless McBryde can show that, in denying her request, the ALJ reopened the case on its merits, the Court is without jurisdiction. *Jelinek*, 764 F.2d at 508. The ALJ found that McBryde presented the same issues in her 2023 application for disability benefits that had previously been denied in 2021. The ALJ considered the new documents and concluded that "[a]ssuming for the sake of argument that the evidence claimant has submitted in the instant case is 'new,' it is not 'material,' [because] it does not show facts 'that would have resulted in a different conclusion as to eligibility, entitlement, or benefit amount than originally reached had the evidence been introduced or available at the time of the determination or decision'" (Dkt. No. 44, at 6). These

comments are not enough to consider the 2020 case reopened on the merits. Therefore, McBryde's complaint is barred by *res judicata*.

### B. Constitutional Claims

A Court may have jurisdiction to hear constitutional challenges related to a Social Security claim—even if there is no jurisdiction under the Social Security Act—because to do otherwise would "effectively [close] the federal forum to the adjudication of colorable constitutional claims." *Califano*, 430 U.S. at 109. However, only in "rare instances" would a denial of a request to reopen a claim be challenged on a colorable constitutional basis (*Id.*). The Court finds that this case is not one of those rare instances.

McBryde alleges various violations of her due process rights relating to her 2020 application (Dkt. No. 14, at 1–5, 17, 37). Those claims are not properly before the Court and will not be discussed. McBryde also makes several constitutional arguments that she contends relate to her 2023 application for disability benefits (Dkt. No 45, at 4–10). Specifically, McBryde alleges that: (1) McBryde's local social security office refused her proffer of supporting evidence on multiple occasions in an effort to impede the evaluation of her case; (2) the ALJ "performed an inaccurate review and improper consideration of the record" resulting in legal error; (3) McBryde's hearing before the ALJ was unfair and adversarial; (4) the Appeals Council violated due process in "losing" her request for review, mishandling "suppressed evidence," and failing to maintain necessary records; and (5) the Appeals Council violated due process by failing to apply correct legal standards (*Id.*).

The Court agrees with the Recommendation that McBryde fails to establish a viable claim for violation of her due process rights (Dkt. No. 44, at 9). Even if the Court were to assume McBryde's allegations to be true, the alleged missing documents have no bearing on her 2023

claim (Dkt. No. 44, at 7). To the extent McBryde argues that the Commissioner erred in denying her 2023 disability application, that argument is a disagreement with the decision to apply *res judicata*, which this Court lacks jurisdiction to review.

McBryde objects to the Recommendation's finding that the record contained no new or material facts regarding her first cardiac event on December 25, 2019 (Dkt. No. 45, at 7). McBryde contends that her decision to decline medical treatment during her first heart attack on December 25, 2019, is a constitutionally protected right and that the ALJ and Recommendation's consideration of a lack of contemporaneous medical documentation based on that decision is a due process violation. That argument is without merit.

Further, McBryde objects that the Commissioner referenced a "Dr. Manhood" in its documents, rather than the correct spelling of Dr. Mahmood (Dkt. No. 45, at 9). McBryde fails to allege or show any prejudice caused by the typographical error, and it is therefore harmless. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (holding an error is harmless when the claimant fails to "provide some indication that the ALJ would have decided differently if the error had not occurred."). Accordingly, the Court finds that it does not have jurisdiction based on constitutional violations to review McBryde's claims. The Court adopts the Recommendation in its entirety and dismisses McBryde's claims for lack of jurisdiction.

**IV. Other Pending Motions**

Because the Court now finds that it is without jurisdiction to hear the case, the Court denies as moot McBryde's motion for court order to direct social security administration to correct citizenship status (Dkt. No. 15), McBryde's motion for court order to U.S. Department of State to release records to plaintiff (Dkt. No. 16), and McBryde's motion for court order to obtain certified confidential birth/death vital statistics record (Dkt. No. 19).

## V. Conclusion

For the foregoing reasons, the Court:

(1) adopts the Recommendation in its entirety (Dkt. No. 44);

(2) dismisses McBryde's complaint (Dkt. No. 1);

(3) denies as moot McBryde's motion for court order to direct social security administration to correct citizenship status (Dkt. No. 15);

(4) denies as moot McBryde's motion for court order to U.S. Department of State to release records to plaintiff (Dkt. No. 16);

(5) denies as moot McBryde's motion for court order to obtain certified confidential birth/death vital statistics record (Dkt. No. 19); and

(6) orders the Clerk of Court to remove the pending status of the Commissioner's notice of related case (Dkt. No. 13).

It is so ordered this 22nd day of September, 2026.

Kristine G. Baker
Kristine G. Baker
Chief United States District Judge